IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY ERROL COURTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 20-422-JFH |
| | ) | |
| HATTEI COURTNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On November 19, 2020, Plaintiff, a pro se state prisoner who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983 [Dkt. No. 1]. The sole defendant listed in the incomplete complaint is Hattei Courtney, an allegedly unemployed citizen of Tulsa, Oklahoma, who did not act under color of state law, a requirement of § 1983.[1] *Id*. at 1. Plaintiff alleges Ms. Courtney stole his antique money and his antique sports cards. *Id.* at 2.

The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1-2). While it is unclear where a substantial part of the events in this case occurred, Plaintiff claims the defendant

---

[1] "Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). If venue had been proper in this Court, this action would have been dismissed for lack of subject-matter jurisdiction, because the defendant did not act under color of state law.

is a citizen of Tulsa County, Oklahoma, which is within the territorial jurisdiction of the Northern District of Oklahoma. Because proper venue does not lie in this district, this action is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED** this 14th day of December 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE